UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARONDA HICKMOND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT UNION OF NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Laronda Hickmond, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against Defendant Credit Union of New Jersey ("CUNJ" or "Defendant"), based upon personal knowledge with respect to herself, and on information and belief and the investigation of counsel as to all other matters, in support thereof alleges as follows:

## INTRODUCTION

1. This is a civil action seeking monetary damages and restitution from defendant Credit Union of New Jersey ("CUNJ"), arising from its practices of assessing "overdraft fees" (or "OD Fees") to consumer deposit accounts that were never even overdrawn, and assessing OD Fees as a result of non-recurring debit card transactions without the informed consent of accountholders.

2. Besides being deceptive, unfair and unconscionable, these practices breach contractual promises that CUNJ made to all accountholders—namely, that it would charge OD Fees only as a result of transactions that actually overdraw an account.

3. In plain, clear, and simple language, the contractual checking account documents promise that CUNJ will only charge an OD Fee on a transaction where "the available funds in

your share or deposit account are not sufficient to pay the full amount of a check, draft, transaction, or other item, plus any applicable fee."[1]

4. Nonetheless, as happened to Plaintiff here, CUNJ regularly charges OD Fees to its consumer deposit accounts even where they are not overdrawn.

5. Specifically, Plaintiff was repeatedly charged OD Fees on routine transactions, even though, according to the monthly account statements prepared by CUNJ, her account balance never went into the negative for the supposed overdraft event. By definition, then, there were always funds to pay the full amount of those transactions—yet CUNJ assessed an OD Fee on them anyway.

6. In short, CUNJ is not authorized by contract to charge OD Fees on transactions that have not overdrawn an account. But CUNJ nonetheless has done so and continues to do so, in breach of its contract with its account holders.

7. Plaintiff and numerous other CUNJ customers have suffered monetary damages from CUNJ's practices. On behalf of herself and the putative classes, Plaintiff seeks damages, restitution and injunctive relief for CUNJ's breach of contract.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of each of the Classes is a citizen of a State different from the Defendant. The number of members of the proposed Class and Subclass in aggregate exceeds 100 accountholders. 28 U.S.C. § 1332(d)(5)(B).

9. This Court has personal jurisdiction over the Defendant because Defendant

---

[1] See CUNJ's "Membership Agreement and Disclosures" a copy of which is attached hereto at Exhibit 1 (hereinafter, the "Account Agreement").

2

maintains their principal place of business in New Jersey and in this District.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendant maintains their principal place of business in this District.

## PARTIES

11. Plaintiff Laronda Hickmond is a resident of Hamilton, New Jersey. Plaintiff has a personal checking account with CUNJ, which is governed by CUNJ's "Membership and Account Agreement" and related documents.

12. Defendant CUNJ is a Credit Union with its principal place of business in Ewing, New Jersey. Among other things, CUNJ is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative class and subclass, throughout multiple states.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13. CUNJ issues debit cards to its checking account customers, including Plaintiff, which allow its customers to have electronic access to their checking accounts for purchases, payments, withdrawals and other electronic debit transactions.

14. Pursuant to its standard account agreement, CUNJ charges OD Fees (currently in the amount of $30.00 each) for debit card and other types of transactions that purportedly result in an overdraft of a personal checking account.

**A.  CUNJ Makes Important Contractual Promises to Its Account Holders**

15. Plaintiff's checking account with CUNJ is, and was at all relevant times, governed by CUNJ's standardized "Membership Agreement and Disclosures," the material terms of which are drafted by CUNJ, amended by CUNJ from time to time at its convenience and complete

discretion, and imposed by CUNJ on all of its customers, a copy of which is attached hereto at Exhibit 1 (hereinafter, the "Account Agreement").

16. In plain, clear, and simple language in the section of the Account Agreement concerning OD Fees, CUNJ promises its account holders that:

> If, on any day, the available funds in your share or deposit account are not sufficient to pay the full amount of a check, draft, transaction, or other item, plus any applicable fee, that is posted to your account, we may return the item or pay it, as described below." as applicable…
> ... If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Ex. 1, at 4.

17. CUNJ's "Extended Coverage Consent Form" (a document discussing CUNJ's standard versus extended overdraft protection plans with the credit union) more succinctly summarizes the definition of an "overdraft," stating: "An overdraft occurs when you do not have enough money in your account to cover a transaction, but we pay it anyway."[2]

18. Nowhere the Account Agreement or the Extended Coverage Consent Form does CUNJ disclose that an OD Fee may be charged for transactions that do not overdraw an account, as happened to Plaintiff here.  Indeed, as a matter of logic and common sense, only items that actually bring the account into a negative balance actually "result[] in insufficient funds in your account."

**B.    CUNJ's Conduct Breaches the Account Agreement with Its Account Holders**

19. Plaintiff's checking account with CUNJ is, and at all relevant times was, governed

---

[2] *See* https://www.cunj.com/wpcms/wp-content/uploads/2020/01/Extended-Coverage-Consent.pdf

4

by CUNJ's standardized Account Agreement, the material terms of which are drafted by CUNJ, amended by CUNJ from time to time at its convenience and complete discretion, and imposed by CUNJ on all of its customers.

20. In plain, clear, and simple language, the checking account contract documents discussing OD Fees promise that CUNJ will only charge an OD Fee on a transaction when a "the available funds in your share or deposit account are not sufficient to pay the full amount of" it:

> If, on any day, the available funds in your share or deposit account are not sufficient to pay the full amount of a check, draft, transaction, or other item, plus any applicable fee, that is posted to your account, we may return the item or pay it, as described below." as applicable…
> … If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Ex. 1, at 4.

21. CUNJ has breached its promise to its account holders in the Account Agreement to only charge fees if there are insufficient funds to cover the item in question such that the item overdraws the account. In breach of this promise, CUNJ routinely charges overdraft fees resulting from transactions for which there were sufficient funds to cover the item in question and did not actually overdraw the account, as happened to Plaintiff here.

**C.   Plaintiff's Experience at CUNJ**

22. Plaintiff has one checking account with CUNJ, which is governed by CUNJ's Account Agreement and related documents.

23. On numerous occasions, including but not limited to the instance below, Plaintiff was assessed an OD Fee in the amount of $30.00 on the following occasions, despite that her

5

account never went negative even after the transaction that supposedly caused the OD Fee was posted.

24. By way of example, on October 23, 2020, Plaintiff was charged a $30.00 OD Fee on a transaction that did not overdraw her account.

25. This OD Fee was charged on a $230.45 ACH transaction that was made when Plaintiff's balance was $327.67. After the ACH withdrawal was subtracted from her account, she was left with $107.67 to which Defendant then subtracted an additional OD Fee of $30.00 despite Plaintiff's account having sufficient funds to cover the transaction.

26. Plaintiff at all times had sufficient funds to cover the foregoing transactions (and numerous other transactions like them that occurred during the past six years) that resulted in improper OD Fees.

27. Because the foregoing OD Fees were charged even though Plaintiff's account balance was not overdrawn by the transaction at issue, CUNJ assessed the fees in violation of its own Account Agreement with Plaintiff.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

29. The proposed class is defined as:

**Class 1: The Nationwide "Sufficient Funds Class"**

All CUNJ checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

**Subclass 1: The New Jersey "Sufficient Funds Subclass"**

All CUNJ checking account holders in the State of New Jersey who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

The class and subclass are collectively referred to as the "Classes."

30. Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

31. Specifically excluded from the Classes are CUNJ, its parents, subsidiaries, affiliates, officers and directors, any entity in which CUNJ has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32. The members of the Classes are so numerous that joinder is impractical. The Classes consist of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to CUNJ's records.

33. The claims of the representative plaintiff are typical of the claims of the Classes in that the representative plaintiff, like all members of the Classes, was charged overdraft fees on transactions that were authorized into a positive available balance. The representative plaintiff, like all members of the Classes, has been damaged by CUNJ's misconduct in that she has paid assessed unfair and unconscionable overdraft fees. Furthermore, the factual basis of CUNJ's misconduct is common to all members of the Classes, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other members of the Classes.

34. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Classes.

35. The questions of law and fact common to the Classes include:

   a. Whether CUNJ charged overdraft fees on transactions when those transactions did not overdraw accounts;

   b. Whether CUNJ breached its own contract by charging overdraft fees on transactions when those transactions did not overdraw accounts;

   c. The proper method or methods by which to measure damages; and

   d. The declaratory, injunctive, and other equitable relief to which the Classes are entitled.

36. Ms. Hickmond is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Ms. Hickmond is an adequate representative and will fairly and adequately protect the interests of the Classes.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual class member's claim is small relative to the complexity of the litigation, and due to the financial resources of CUNJ, no class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Classes will continue to suffer losses and CUNJ's misconduct will proceed without remedy.

38. Even if Class members themselves could afford such individual litigation, the

court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

39. Plaintiff suffers a substantial risk of repeated injury in the future. Plaintiff, like all members of the Classes, is at risk of additional overdraft fees on transactions that do not overdraw her account. Plaintiff and the members of the Classes are entitled to injunctive and declaratory relief as a result of the conduct complained of herein. Money damages alone could not afford adequate and complete relief, and injunctive relief is necessary to restrain CUNJ from continuing to commit its unfair and illegal actions.

40. CUNJ has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## CAUSE OF ACTION

### COUNT I
### Breach Of Contract
### (On Behalf Of The Classes)

41. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

42. Plaintiff, and all members of the proposed Classes, contracted with CUNJ for bank account deposit, checking, ATM, and debit card services, as set forth in the Account

Agreement.

43. CUNJ breached promises made to Plaintiff and all members of the proposed Sufficient Funds Class when, as described herein, CUNJ charged overdraft fees as a result of transactions that did not overdraw a checking account.

44. Plaintiff and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

45. Plaintiff and all members of the proposed Sufficient Funds Class have sustained damages as a result of CUNJ's breach of the contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    (a) For an order certifying this action as a class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

    (b) For compensatory damages on all applicable claims and in an amount to be proven at trial;

    (c) For restitution on all applicable claims and in an amount to be proven at trial;

    (d) For an order requiring Defendant to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate;

    (e) For an order enjoining the wrongful conduct alleged herein;

    (f) For other appropriate injunctive and other equitable relief;

    (g) For costs;

    (h) For pre-judgment and post-judgment interest as provided by law;

(i) For attorneys' fees under the account contracts, the common fund doctrine, and all other applicable rules and law; and

(j) For such other relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: March 17, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___/s/ Philip L. Fraietta___
Philip L. Fraietta

Phillip L. Fraietta (State Bar No. 118322014)
Joseph I. Marchese (*Pro hac vice* Forthcoming)
888 Seventh Ave, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com
jmarchese@bursor.com

*Attorneys for Plaintiff*